IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANGELA KARAGOZIAN                                                              PLAINTIFF

v.                                      Civil No. 6:13-cv-06010

CLARK COUNTY, ARKANSAS *et al*                                      DEFENDANTS

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Separate Defendant B.W. Sanders's Motion to Dismiss (ECF No. 14), Separate Defendant Blake Batson's Rule 12(c) Motion to Dismiss (ECF No. 19), and Separate Defendant Roy Bethell's Motion for Judgment on the Pleadings (ECF No. 21). Plaintiff has not filed a response to any of these Motions, and her time to respond has expired. *See* Local Rule 7.2.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred these Motions to this Court for the purpose of making a report and recommendation. In accordance with that referral, the Court recommends these Motions (ECF Nos. 14, 19, 21) be **GRANTED.**

**1.      Background:**

On Feburary 4, 2013, Plaintiff filed this action against (1) Clark County, Arkansas[1]; (2) Blake Baston, prosecuting attorney of Clark County, Arkansas, in his official capacity; (3) B.W. Sanders in his individual capacity; and (4) Sergeant Roy Bethell in his individual and official capacities. ECF No. 1 at 9. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 as a "civil action for deprivation of constitutional and statutory rights." *Id.* at 1.

---

[1] Plaintiff never served Clark County, Arkansas but instead claims separate service on Clark County, Arkansas is not necessary because any liability against Defendant Baston in his official capacity will be imputed to Clark County, Arkansas. ECF No. 15.

Plaintiff's claims are based upon her allegedly unlawful criminal conviction in Clark County, Arkansas. ECF No. 1. According to Plaintiff's Complaint, she pled guilty in the Circuit Court of Clark County, Arkansas on December 2, 2012 to hindering an apprehension or prosecution. *Id.* at 25. This is a felony offense in violation of Ark. Code Ann. § 5-54-104 (2009). *Id.* Plaintiff was sentenced to 60 months of probation for this offense. *Id.*

Plaintiff claims in her Complaint that her constitutional rights were violated during the prosecution of this offense. *Id.* at 1-12. Specifically, Plaintiff claims Defendants "have conspiratoriously and corruptly acted in concert under the color of state law to deprive plaintiff of her constitutional rights, privileges, and immunities guaranteed by the 4th, 5th, 6th, and 14th amendments to our U.S. Constitution." *Id.* at 1.

**2.    Applicable Law:**

An action in federal court may be dismissed where a plaintiff has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).[2] According to the U.S. Supreme Court, to survive such a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

**3.    Discussion:**

In *Heck v. Humphrey,* 512 U.S. 477 (1994), the United States Supreme Court held a § 1983 plaintiff must prove his or her conviction or sentence was invalid in order "to recover damages for

---

[2] Defendant Sanders has filed his Motion to Dismiss pursuant to Rule 12(b)(6). ECF No. 14. The other two defendants filed motions pursuant to Rule 12(c). Rule 12(c) applies to a "Motion for Judgment on the Pleadings" and applies "[a]fter the pleadings are closed." The present action was filed in February of 2013, and it appears Plaintiff could still amend her pleadings pursuant to Rule 15 of the Federal Rules of Civil Procedure. Accordingly, because the pleadings have not "closed," the more appropriate relief is under Rule 12(b)(6). Thus, the Court will construe these two motions as seeking relief under Rule 12(b)(6).

[an] allegedly unconstitutional conviction or imprisonment." To prove the conviction or sentence was invalid, a plaintiff must prove the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.*

In the present action, there is no indication Plaintiff's conviction or sentence has been declared invalid. ECF No. 1. With her Complaint, Plaintiff attached the judgment entered against her in the Circuit Court of Clark County, Arkansas on December 2, 2012. ECF No. 1 at 25-26. This conviction is the basis of the current lawsuit. *Id.* There is, however, nothing in the record to suggest this judgment has been invalidated. In fact, Plaintiff has not even alleged that this judgment has been invalidated. ECF No. 1.

Accordingly, under *Heck,* Plaintiff cannot recover damages against those whose alleged actions resulted in an unlawful conviction or sentence. These individuals include Defendant B.W. Sanders, Defendant Blake Baston, and Defendant Roy Bethell. Thus, the Court finds Plaintiff has not stated plausible claims against any of these Defendants, and her claims against these Defendants should be dismissed. *See Ashcroft,* 556 U.S. at 678-79.

**4.    Conclusion:**

Based upon the foregoing, the Court recommends Separate Defendant B.W. Sanders's Motion to Dismiss (ECF No. 14), Separate Defendant Blake Batson's Rule 12(c) Motion to Dismiss (ECF No. 19), and Separate Defendant Roy Bethell's Motion for Judgment on the Pleadings (ECF No. 21) be **GRANTED**, and all Plaintiff's claims against B.W. Sanders, Blake Batson, and Roy

Bethell be dismissed with prejudice.[3]  Further, because the relief Plaintiff seeks against Clark County, Arkansas is based upon Defendant Batson's liability (ECF No. 15), the Court also recommends all claims against Defendant Clark County, Arkansas be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 22nd day of August 2013.**

>                /s/   Barry A. Bryant
> HON. BARRY A. BRYANT
> U.S. MAGISTRATE JUDGE

---

[3] A dismissal with prejudice is appropriate where there has been no "proposed amended complaint" and no clarification as to "what one might have contained" to demonstrate a plaintiff's claims could be viable. *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.,* 559 F.3d 772, 782 (8th Cir. 2009) (holding the district court did not err or abuse its discretion in dismissing the plaintiff's claims with prejudice).